Dear Mr. Tillman:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask:
 Whether a police union can endorse a candidate for public office through a civil service police employee as spokesperson of the police union, while an individual police officer, as a civil service employee, is prohibited from this activity?
Your request goes on to ask for an interpretation of La. R.S.33:2504 which describes prohibitions on political activities by classified (civil) service employees. This statute is as follows:
Section 2504. Political activities prohibited
 A. Political activities by and extending to employees of the classified service are hereby prohibited as follows:
 (1) No person shall seek or attempt to use any political endorsement in connection with any appointment to a position in the classified service.
 (2) No person shall use or promise to use, directly or indirectly, any official authority or influence, whether possessed or anticipated, to secure or attempt to secure from any person an appointment or advantage in appointment to a position in the classified service, or an increase in pay or other advantage in employment in any such position, for the purpose of influencing the vote or political action of any person, or for any consideration.
 (3) No employee in the classified service shall, directly or indirectly, pay, or promise to pay, any assessment, subscription, or contribution for any political organization or purpose, or solicit or take part in soliciting any such assessment, subscription, or contribution. No person shall solicit any such assessment, subscription, or contribution of any employee in classified service. The prohibitions of this Sub-section shall not be construed as applying to membership dues paid, or contributions made, to non-political employee organizations, pension funds, civic enterprises, the Louisiana Civil Service League or any similar non-political and non-partisan organization.
 (4) No employee in the classified service shall (a) be a member of any national, state, or local committee of a political party, (b) an officer or member of a committee of any factional, political club or organization, (c) be a candidate for nomination or election to public office, (d) make any political speech or public political statement in behalf of any candidate seeking to be elected to public office, or (e) take any part in the management or affairs of any political party or in the political campaign of any candidate for public office, except to privately express his opinion and to cast his vote.
 (5) No person elected to public office shall, while serving in the elective office be appointed to or hold any position in the classified service.
 (6) No appointing authority, or agent or deputy thereof, shall directly or indirectly, demote, suspend, discharge, or otherwise discipline, or threaten to demote, suspend, discharge or otherwise discipline, or discriminate against any person in the classified service for the purpose of influencing his vote, support, or other political activity in any election or primary election. No appointing authority, or agent or deputy thereof, shall use his official authority or influence, by threats, promises or other means, directly or indirectly, to coerce the political action of any employee in the classified service.
 B. The appointing authority shall discharge from the service any employee whom he deems guilty of violating any one or more of the provisions of this Section. The board may, upon its own initiative, investigate any officer or employee in the classified service whom it reasonably believes guilty of violating any one or more of the provisions. Any citizen, taxpayer, municipal officer, or employee may file with the board detailed charges in writing against any employee in the classified service for violating any one or more of the provisions of this Section. The board shall, within thirty days after receiving the written charges, hold a public hearing and investigation and determine whether such charges are true and correct. If the board should find upon its investigation of any employee that he has violated any of the foregoing provisions, the board shall order the appointing authority to forthwith discharge the guilty employee from the service and the appointing authority shall forthwith discharge the employee.
 C. Whoever violates this Section shall be subject to the penalties provided in R.S. 33:2507. In addition any employee in the classified service who is discharged because of violating a foregoing provision shall not again be eligible for employment or public office in the classified service for a period of six years from the time of his discharge.
It should be noted that this provision is also included in the Louisiana Constitution of 1974 since Article 10, Section 20 states that "Article XIV, Section 15.1, Paragraph 34 of the Constitution of 1921 is retained and continued in force and effect." The previous constitutional provision is essentially the same as La. R.S. 33:2504.
In Article 10, Section 9 of the Louisiana Constitution of 1974, political activities by civil service employees are also prohibited:
Section 9. Prohibitions Against Political Activities
 (A) Party Membership; Elections. No member of a civil service commission and no officer or employee in the classified service shall participate or engage in political activity; be a candidate for nomination or election to public office except to seek election as the classified state employee serving on the State Civil Service Commission; or be a member of any national, state, or local committee of a political party or faction, or candidate; or take active part in the management of the affairs of a political party, faction, candidate, or any political campaign, except to exercise his right as a citizen to express his opinion privately, to serve as a commissioner or official watcher at the polls, and to cast his vote as he desires.
 (B) Contributions. No person shall solicit contributions for political purposes from any classified employee or official or use or attempt to use his position in the state or city service to punish or coerce the political action of a classified employee.
 (C) Political Activity Defined. As used in this Part, "political activity" means an effort to support or oppose the election of a candidate for political office or to support a particular political party in an election. The support of issues involving bonded indebtedness, tax referenda, or constitutional amendments shall not be prohibited.
A reading of these constitutional and statutory provisions reveals that individuals who are civil service employees are not allowed to run for elected office, be a member of a local committee of a political party, make or solicit contributions for political candidates, or manage a political campaign.
In contrast, nothing in these provisions deals with unions which are comprised of members who are civil service employees. Therefore, since the endorsing of political candidates by a union is not proscribed by any law, it is allowed. While Civil Service Rules may limit political activities of individual civil service employees, these rules do not extend to a labor organization or its spokesperson, who may be a civil service employee. Reference should be made to Cannatella v. Department of Civil Service,592 So.2d 1374 (La.App. 4 Cir. 1992), where the court held that an endorsement of a candidate for elective office by a union through its president is not a personal endorsement by a individual who is employed in the civil service. The court went on to state that any statement made by a civil service employee during a union meeting is a private expression of the employee's opinion which is specifically exempt from the constitutional prohibition. Accordingly, the court in differentiating between civil service employees as private individuals and those acting as a spokesperson for a union, and what is prohibited by Civil Service Rules and the Louisiana Constitution of 1974 stated, "The prohibition against political activity is exclusively limited to commissioners and classified civil service employees and officers. That prohibition does not extend to a labor organization such as PANO, or its spokesperson, merely because its members are classified civil service employees."
At this time, no other reported Louisiana cases address this issue. This being the case, the Louisiana Constitution of 1974 and Civil Service Rules do not prohibit a civil service employee from acting as a spokesperson when the union is expressing its endorsement of a political candidate. Therefore, the reasoning inCannatella (supra) should assist in dealing with the issues you face.
We hope this adequately answers your questions. If you should need anything further from this office do not hesitate to call.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
RPI/FJP/sc
DATE RECEIVED: 11/04/98BRDATE RECEIVED: 11/10/98SH
DATE RELEASED:FRANCES J. PITMANASSISTANT ATTORNEY GENERAL